IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY MCCOLLUM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ENOVA INTERNATIONAL, INC.,<br><br>        Defendant. | |

## COMPLAINT

Plaintiff Shirley McCollum, by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint against Defendant Enova International, Inc. ("Enova"), states as follows:

### NATURE OF ACTION

1. This is a class and collective action brought on behalf of current and former employees (the "putative class") who were not paid all wages owed to them due to Defendant's failure to pay them one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. The resulting underpayments to Plaintiff and the putative class constitute violations of the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. § 105/1, *et seq.* ("IMWL") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within Chicago, Illinois, at the Defendant's office. Enova's office is currently located at 175 West Jackson Boulevard in Chicago, Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. McCollum is an adult resident of Chicago, Illinois. She worked for Defendant in Chicago, Cook County, Illinois from September 2012 through August 2016.

6. McCollum brings this FLSA and IMWL action on behalf of a putative class of similarly-situated individuals, namely, all persons who worked for Defendant between June 7, 2014 and the present, whose commission payments were not included in the calculation of his or her regular rate, and who were therefore paid at a lower overtime rate than they were entitled to receive.

7. Defendant Enova is a Delaware corporation authorized to do business in Illinois. It is engaged in the financial services business and maintains offices for that purpose in Chicago and Gurnee, Illinois.

8. Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

9. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

10. At all relevant times, Defendant was Plaintiff's "employer" as defined in the FMLA, 29 U.S.C. § 2611(4)(A).

## FACTUAL ALLEGATIONS

11. Plaintiff was employed as a Collector for Enova from September 2012 through August 2016.

12. During her employment, Plaintiff regularly worked forty (40) hours or more per week.

13. During the period beginning June 7, 2014 and continuing through the present, Enova failed to pay Plaintiff and other employees at the appropriate overtime rate required by the FLSA and IMWL.

14. Specifically, Defendant failed to properly calculate the overtime rate at which it compensated Plaintiff and other for their hours worked in excess of forty (40) in individual workweeks.

15. Defendant paid Plaintiff and other employees a commission for months where they met certain performance goals.

16. When it calculated the overtime rate applicable to Plaintiff and other employees, Defendant failed to include in the "regular rate" all commission payments it paid to employees during the same pay period.

17. As a result of Defendant's miscalculation of the overtime rate between June 7, 2014 and the present, Defendant failed to pay Plaintiff and other employees all overtime wages due to them, in violation of the FLSA and IMWL.

18. A sample payroll record revealing the improper calculation (and violation of the FLSA and IMWL) is attached as Exhibit A.

19. Plaintiff seeks to represent all employees who have been paid less than the statutory overtime rate for all overtime for all hours worked in violation of the Fair Labor Standards Act, 20 U.S.C. § 207 from June 7, 2014 through the present.

## CLASS ALLEGATIONS

20. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class:

> All persons who (1) were paid an hourly rate plus commissions; (2) worked during the period of time beginning on June 7, 2014 through the present; (3) worked over forty (40) hours per week in any one week; and (4) were compensated at less than the required overtime rate for hours worked in excess of forty (40) per workweek due to Defendant's failure to include earned commissions when calculating the overtime wages due.

21. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers in excess of 900 individuals over the statutory timeframe.

22. Common issues of law and fact predominate the claims of the entire putative class. Specifically, all claims are predicated on a finding that Defendant failed to properly calculate the overtime rate due to its employees, resulting in an underpayment in violation of the FLSA. In short, the claims of the named Plaintiff are identical to the claims of the class members.

23. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

24. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Collective Action)

25. Plaintiff re-states and incorporates paragraphs 1 – 24 as though fully set forth herein.

26. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay McCollum and all putative class members at the correct overtime rate for all hours worked in excess of forty (40) per workweek between June 7, 2014 and the present.

27. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibit B her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

28. All past and present employees of Defendant who worked in excess of forty (40) hours per week between June 7, 2014 and the present and who did not receive overtime pay at a rate equal to one and one-half times their "regular rate," where such regular rate included all concurrent commission payments, are similarly situated to the Plaintiff, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all putative class members.

29. Defendant's failure to pay all overtime wages due for hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

30. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

31. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

32. The members of the putative class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Shirley McCollum, on behalf of herself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation earned between June 7, 2014 and the present;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
### ILLINOIS MINIMUM WAGE LAW
### (Class Action)

33. Plaintiff re-states and incorporates paragraphs 1 – 32 as though fully set forth herein.

34. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay the Plaintiff and putative class members all overtime wages owed for all hours worked in excess of forty (40) per workweek between June 7, 2014 and the present.

35. Pursuant to the IMWL, for all weeks during which the Plaintiff and the putative class members worked in excess of forty (40) hours and received commission payments, they were entitled to be compensated at an overtime rate which accounted for their commission payments in determining the "regular rate."

36. Defendant violated the IMWL by failing to compensate the Plaintiff and the putative class members with all overtime wages due for hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Shirley McCollum, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

  a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

  b) Appointing Plaintiff as Class Representative and her Counsel as Class Counsel;

  c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL for time worked between June 7, 2014 and the present;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: August 24, 2016                                        Respectfully submitted,

Alejandro Caffarelli, #06239078                        SHIRLEY MCCOLLUM, individually and on
Madeline K. Engel, #06303249                          behalf of all others similarly situated,
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300                        By: /s/ Alejandro Caffarelli
Chicago, IL  60604                                              Attorney for the Plaintiff
Tel. (312) 763-6880